IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVIS REVES                                                                                    PETITIONER

v.                                     Case No. 4:06-cv-4071

LARRY NORRIS, Director,                                                              RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TRAVIS REVES (Petitioner), an inmate confined in the Pine Bluff Correctional Unit of the Arkansas Department of Corrections, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254 (1996). The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.  Procedural Background**[1]:

On June 5, 2003, Petitioner pled guilty to one count of rape and one count of incest in the Circuit Court of Sevier County, Arkansas. (Doc. No. 4-3).[2] Petitioner was sentenced to180 months imprisonment on each count with the sentences to run concurrently. (Doc. No. 4-2). Because of his guilty plea, Petitioner did not have the right to a direct appeal.[3] Petitioner did however, file a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure in the Circuit Court of Sevier County, Arkansas. (Doc. No. 4-4). On January 13, 2005, a hearing was held

---

[1]The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[3]A.R.A.P. Rule 1(a) states in part:  **Right of Appeal**. *Any person convicted of a misdemeanor or a felony by virtue of trial in any circuit court of this state has the right to appeal to the Arkansas Court of Appeals or to the Supreme Court of Arkansas. . . Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.*"

on this petition in the Circuit Court of Sevier County, Arkansas, before the Hon. Ted C. Capeheart. (Doc. No. 7-2). On March 8, 2005, the trial court denied the petition. (Doc. No. 4-5).

Petitioner filed a timely notice of appeal, from the denial of his post-conviction relief, with the Arkansas Supreme Court. On May 31, 2005, Petitioner was notified by the Arkansas Supreme Court of the requirement and procedure for filing a brief. Petitioner's brief was due no later than July 11, 2005. (Doc. No. 4-6). Petitioner failed to file a brief. On August 22, 2005, the State of Arkansas filed a Motion to Dismiss. (Doc. No. 4-7). On September 8, 2005, the Arkansas Supreme Court granted the Motion to Dismiss filed by the State of Arkansas and dismissed Petitioner's appeal. (Doc. No. 4-8).

**B. Current Petition**:

On August 17, 2006[4], Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He raises a single claim of relief. Specifically, Petitioner alleges that trial counsel allowed Petitioner to plead guilty despite (1) counsel's knowledge the state possessed "evidence favorable to the defendant," (2) counsel's knowledge Petitioner was "not mentally fit to stand trial," and (3) counsel's bias against the Petitioner. The Respondent asserts that Petitioner's claims are procedurally barred in that Petitioner failed to exhaust his state court remedies prior to filing the instant petition. Alternatively, the Respondent asserts the Petitioner cannot show "cause" and "prejudice" for the procedural default. This matter is ready for decision.

**C. Discussion**:

    **1. Procedural Bar**: A federal court is precluded from considering a *habeas corpus* claim

---

[4] The Petition was signed on August 1, 2006, and the Court assumes without deciding that the same was placed in the prison mail system on that date.

that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.* If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[5]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

The Arkansas Supreme Court disposed of Petitioner's claim on an independent and adequate state procedural ground when it dismissed Petitioner's case for his failure to file an appeal brief as directed by the court. This finding is binding upon this court. *See Wallace v. Lockhart*, 12 F.3d 823 (8th Cir. 1994)("Wallace's inability to have his claim considered by the Arkansas state courts stems from his failure to raise it in his first Rule 37 petition, when his procedural default occurred, not from any unreasonableness on the part of the state's procedural rules.")

Based on the foregoing cases, the Court agrees with Respondent that the Arkansas Supreme Court's decision dismissing Petitioner's Rule 37 appeal for failure to comply with that Court's rules was resolved on an adequate and independent state ground, namely Petitioner's failure to file a brief

---

[5]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

-3-

in support of his Rule 37 Petition. Thus, this Court is precluded from *habeas* review of Petitioner's procedurally defaulted claims unless Petitioner can demonstrate cause and prejudice or the actual innocence exceptions to the procedural default rule.

**2. Cause and Prejudice**: Because Petitioner's claims were barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas corpus petition. *See Coleman*, 501 U.S. at 750. The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor, external to the defense, impeded counsel's efforts to comply with the State's procedural rule." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Here Petitioner fails to show cause for his procedural default.

Petitioner states two reasons for his not filing a brief in support of his Rule 37 Petition, as directed by the Arkansans Supreme Court. First, Petitioner claims he was seeking clemency from the Governor of the State of Arkansas and was informed by a member of the governors office that he could not have any pending litigation at the time the Governor considered his request for clemency. Based on this advice, Petitioner asserts he decided to allow the time to file a brief to lapse. (Doc. No. 9-1). Secondly, Petitioner claims an inmate who was assisting with the appeal was transferred during the time the brief was due and he "lost his help" and thus was unable to file a brief as directed by the Arkansas Supreme Court. (Doc. No. 9-1).

Aside from the fact that two reasons given for his procedural default contradict one another, neither can be considered cause for the procedural default. Petitioner must be able to show something external to him, or something that cannot be fairly attributed to him, caused the

procedural default. *See Ivy v. Caspri,* 173 F 3d 1136, 1140 (8th Cir. 1999).[6]  In this case neither the State of Arkansas nor any other factor impeded his ability to comply with the order of the Arkansas Supreme Court.  Petitioner made the conscious decision to not comply with that order.

**3. Actual Innocence**:   A federal habeas petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).   This exception  should only be applied in an "extraordinary case." *Id*.

Petitioner did not plead actual innocence in his original petition.  The court will take a liberal reading of his petition based on Petitioner having attached two handwritten statements to his Questionnaire/Addendum response.  These statements, allegedly from Petitioner's wife and daughter, both claim Petitioner is innocent of the charges to which he plead guilty.   (Doc. No. 9-2).  Both statements indicate Petitioner did not commit the acts to which he plead guilty and state that the wife and daughter gave false information to the police implicating Petitioner.  Petitioner's daughter was the victim of the rape charge and was under the age of 16.  (Doc. Nos. 4-2 and 4-5).

Courts look upon recanted testimony with suspicion. *See United States v. Provost*, 969 F2d 617, 619 (8th Cir. 1992).  This suspicion is because the stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at trial. *See United States v. Grey Bear*, 116 F3d 349, 350 (8th Cir. 1997). The skepticism about recantations "is especially applicable in cases of child sexual abuse

---

[6]Because the Petitioner has failed to establish "cause" for his procedural default the Court need not examine whether he was prejudiced by the default.

where recantation is a recurring phenomenon," and is particularly common "when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story. *See Provost*, 969 F2d at 621.

Petitioner has failed to establish his actual innocence through his reliance on the two handwritten statements of his wife and daughter. In this case the probable testimony and evidence from Petitioner's wife and daughter was compelling enough that he did not test their testimony at a trial. Rather, the Petitioner pled guilty to the charge of rape. Further, the statements were not mentioned by Petitioner in his original *habeas corpus* petition in this Court, (Doc. No. 1) and were written more than two years after Petitioner's plea of guilty. In fact Petitioner only made a passing reference to the statements in his Questionnaire/Addendum response. (Doc. No. 9).

### D. Conclusion:

Petitioner failed to adequately exhaust his state court remedies. He was procedurally barred by an independent state procedural rule from presenting his claims in state court. He has failed to establish "cause" for that procedural default. He has also failed to establish that new and reliable evidence exists which tends to show his actual innocence. The Petition filed herein should be denied and dismissed with prejudice.

### E. Recommendation:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as dismissed with prejudice.[7]

---

[7] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **17th day of September, 2007.**

          /s/ Barry A. Bryant  
        HON. BARRY A. BRYANT  
        U.S. MAGISTRATE JUDGE